IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02046-LTB-KLM

THOMASINA NEELY,

     Plaintiff,

v.

COUNTY OF MONTEZUMA, and
CAROL TULLIS, County Clerk for Montezuma County, in her individual capacity,

     Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Unopposed Motion to Stay Discovery** [Docket No. 24; Filed June 8, 2012] (the "Motion"). Plaintiff did not timely file a Response.[1] The Motion is thus ripe for review.

This matter involves a single claim for relief, an alleged violation of Plaintiff's First Amendment rights by Defendants Montezuma County and Carol Tullis ("Tullis"). *See Compl.* [#7]. In brief, Plaintiff states that she was employed as the Chief Deputy Clerk for Montezuma County, Colorado and ran as the Democratic candidate for County Clerk and Recorder of Montezuma County in the November 2010 general election, although she lost to the incumbent Republican candidate, Defendant Tullis. *Id.* at 1. She asserts that after

_____

[1] Despite Defendants' assertion in the Motion's title that the request is unopposed, Defendants state in the body of the Motion that Plaintiff objects to the imposition of a stay. *See Motion* [#24] at 1. However, as noted, Plaintiff did not timely file a Response in opposition to the Motion.

the election, Defendants Tullis and Montezuma County retaliated against her "for her protected speech by threatening to terminate her employment and ultimately demoting [Plaintiff] to the position of Deputy Clerk." *Id.*

On June 8, 2012, Defendants filed a Motion for Summary Judgment [#23], to which Plaintiff filed a Response on June 29, 2012 [#26].  Defendants ask the Court to enter an order staying discovery pending the District Judge's resolution of Defendants' Motion for Summary Judgment, which in part requests a determination of whether Defendant Tullis is protected by qualified immunity.  *See Motion* [#24].

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending.  *Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) (unreported decision) ("A stay of all discovery is generally disfavored in this District." (citation omitted)).  *See also Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-CV-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary

motion may dispose of the entire action.").

Questions of jurisdiction and immunity should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties. *See, e.g.*, *Siegert v. Gilley*, 500 U.S. 226, 231-32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (same); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *see also Behrens v. Pelletier*, 516 U.S. 299, 308 & 310 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending); *cf. Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding stay permissible pending ruling on dispositive motion involving jurisdictional issue); *Enplaner, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (same).

When exercising its discretion in evaluating a request for a stay of discovery, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unreported decision)). Here, the factors weigh in favor of staying discovery.

With respect to the first factor, there is no indication that a stay would prejudice Plaintiff. Plaintiff has already filed a Response to the pending Motion for Summary Judgment and, accordingly, apparently does not seek additional discovery on the issues

raised therein.  Thus, the Court finds that this factor weighs in favor of a stay of discovery.

With respect to the second factor, Defendants argue that if the District Judge finds that Defendant Tullis is protected by qualified immunity, she will unnecessarily suffer without a stay because qualified immunity is intended to protect a litigant from the burden of discovery.  *See Motion* [#24] at 2 (citing *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)).  The Court agrees, and thus the second factor also favors entry of a stay.

With respect to the third factor, the Court can be inconvenienced by an ill-advised stay, as the resulting delay makes the Court's docket less predictable and, hence, less manageable.  A stay may be particularly inconvenient for the Court when it is tied to a pending motion for which ultimate success is not guaranteed.  *Stone v. Vail Resorts Dev. Co.*, No. 09-cv-02081-WYD-KLM, 2010 WL 148278, at *3 (D. Colo. Jan. 7, 2010).  Where a pending motion may dispose of an action, however, a stay of discovery may allow the Court to avoid expending resources in managing an action that ultimately will be dismissed.  *See id.*  Thus, despite this District's general policy disfavoring a complete stay of proceedings, a stay may be appropriate if resolution of a preliminary motion may dispose of the entire action.  *Id.* (quotation and citation omitted); *see also Namoko v. Milgard Mfg., Inc.*, No. 06-cv-02031-WDM-MEH, 2007 WL 1063564, at *1 (D. Colo. April 6, 2007) (noting that stay appropriate where dispositive motion filed that might resolve entire case and "stay does not unduly prejudice the opposing party").  Here, the pending motion may dispose of the entire action.  *See Motion for Summary Judgment* [#23] (seeking complete dismissal of Plaintiff's Complaint).  The Court takes no position as to the merits of the Motion for Summary Judgment.  However, it is clear that should the pending dispositive motion be granted, this Court will have expended resources managing this suit unnecessarily in the

absence of a stay. *See Stone*, 2010 WL 148278, at *3. Thus, the third factor concerning the Court's interest in judicial economy weighs in favor of granting the stay.

With respect to the fourth factor, there is no indication that a stay would affect any nonparties to this lawsuit. Therefore, the Court finds that this factor is neutral.

Finally, although the public interest favors prompt resolution of lawsuits, which in turn, favors denial of a stay, the public interest also favors conservation of resources by the Court and the parties. The Court finds that this factor weighs neither for nor against the entry of a stay in this matter.

Balancing the five factors here considered, the Court concludes that a stay of discovery is appropriate. The burden on Defendants of proceeding in discovery in this lawsuit while a potentially fully dispositive motion is pending outweighs Plaintiff's interest in proceeding expeditiously with her case. Therefore, in the Court's discretion, *see Stone*, 2012 WL 148278, at *4 (citation omitted), the Court grants Defendants' Motion and enters a stay of discovery. Accordingly,

IT IS HEREBY **ORDERED** that Defendants' Motion [#24] is **GRANTED**.

IT IS FURTHER **ORDERED** that discovery is **STAYED** pending the resolution of Defendants' Motion for Summary Judgment [#23].

Dated: July 11, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge